# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 20 2019, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christian Morris, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | May 20, 2019 <br><br> Court of Appeals Case No. 18A-CR-2414 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Christina Klineman, Judge <br><br> Trial Court Cause No. 49G17-1802-F6-3872 |

**Brown, Judge.**

[1] Christian Morris appeals his convictions for domestic battery as a level 6 felony and criminal trespass as a class A misdemeanor. Morris raises two issues which we consolidate and restate as whether the evidence is sufficient to sustain his convictions. We affirm.

## *Facts and Procedural History*

[2] Morris and R.S. have two daughters together, and R.S. has two other children. Morris and R.S. ended their relationship in January 2017. In January 2018, Morris and R.S. were not living together, their children were almost two years old, and Morris had supervised visitation with his children pursuant to court order. On January 25, 2018, R.S. left work and returned to her home with her children. One of R.S.'s neighbors helped her bring the children inside. Morris was at the apartment because he had visitation that evening. R.S. told her older children, who were ten and six years old, to wash their hands, and she seated her younger children at a table to eat. Morris was upset because the neighbor was helping R.S. bring the children into the residence, and R.S. asked Morris to leave. Morris "bumped [R.S.] with his shoulder" in her chest which hurt her, and she started to fall or stumble back. Transcript Volume 2 at 9. When she felt herself falling, R.S. grabbed onto Morris's jacket, and he hit her in the face. R.S. remembers her "hair getting pulled" and being "slammed against the window." Transcript Volume 2 at 10. Morris then pushed R.S. against the wall. R.S.'s older children screamed, the neighbors came to the apartment, and one of the children unlocked the door. Morris held R.S. against the wall "until the door [was] open," and the neighbors came into the apartment and told

Morris to get off of R.S. *Id.* at 24. Morris left the apartment, and the police were contacted. The responding law enforcement officer observed that R.S. was holding the side of her face and grimacing, noticed that the side of R.S.'s face where she said she was hit appeared a little darker on her cheek area compared to the other side, and photographed her face.

[3] On February 1, 2018, the State charged Morris with: Count I, domestic battery in the presence of a child as a level 6 felony; Count II, domestic battery as a class A misdemeanor; and Count III, criminal trespass as a class A misdemeanor. At the bench trial, R.S. testified that Morris became upset and she asked him to leave her apartment which he did not do. She testified that Morris bumped her with his shoulder, she began to stumble or fall back, and "when I felt myself fall, I grabbed on his - he was the closest to me - I grabbed on to his jacket." *Id.* at 10. When asked "how did he respond to that," R.S. testified: "I just remember my hair getting pulled and slammed against the window." *Id.* She testified that her younger children were sitting at a table in the same room as her and were crying, that her older children were screaming, the neighbors heard and came to her apartment, her oldest daughter unlocked the door, and the neighbors came into the apartment. She indicated that Morris pushed her against the wall. Morris testified he was thirty-four years old, that he and R.S. had an argument which became physical, that she attempted to hit him, that he grabbed her arm and shoved her, that he barely pushed her and she went towards the wall, that she came back toward him swinging with her fists, and that he held her down. The court found R.S. more credible, entered

judgments of conviction on Counts I and III, and sentenced Morris to 180 days with 90 days suspended and 90 days executed on home detention concurrent on each count.

## *Discussion*

[4] The issue is whether the evidence is sufficient to sustain Morris's convictions for domestic battery as a level 6 felony and criminal trespass as a class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We consider the evidence most favorable to the trial court's ruling. *Id.* We will affirm unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[5] Morris argues the State failed to prove that his touching of R.S. was done knowingly or in a rude, insolent, or angry manner. He also argues the State failed to prove that he refused to leave R.S.'s apartment or to leave within a reasonable time after the request.

[6] Ind. Code § 35-42-2-1.3 provides in part that a person who knowingly or intentionally touches a family or household member in a rude, insolent, or

angry manner commits domestic battery, and that the offense is a level 6 felony if the person who committed the offense is at least eighteen years of age and committed the offense in the physical presence of a child less than sixteen years of age knowing that the child was present and might be able to see or hear the offense. Ind. Code § 35-43-2-2 provides in part that a person who, not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person commits criminal trespass as a class A misdemeanor. The element of communication of denial of entry or request to leave necessarily implies a reasonable period of time for the person receiving that communication to leave of the person's own volition. *Curtis v. State*, 58 N.E.3d 992, 994 (Ind. Ct. App. 2016). A person engages in conduct intentionally if, when he engages in the conduct, it is his conscious objective to do so, and a person engages in conduct knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2.

[7] The record reveals R.S.'s testimony that she asked Morris to leave and that he did not leave. The record further reveals that Morris bumped R.S. in her chest with his shoulder, she started to stumble or fall back, and she grabbed onto Morris's jacket. R.S. testified that "I just remember my hair getting pulled and slammed against the window." Transcript Volume 2 at 10. R.S. testified that, at that point, Morris pushed her against the wall. The evidence shows that the children cried and screamed, the neighbors came to the apartment, and one of the children let them inside. R.S. testified that Morris held her against the wall

until the door opened. As previously mentioned, this Court will not assess the credibility of witnesses or reweigh the evidence. *See Drane*, 867 N.E.2d at 146. Based upon the record, we conclude that the State presented evidence of a probative nature from which a trier of fact could find beyond a reasonable doubt that Morris committed the crimes of domestic battery and criminal trespass.

[8]     For the foregoing reasons, we affirm Morris's convictions.

[9]     Affirmed.


May, J., and Mathias, J., concur.